For Plaintiff: A. S. & A. P. Johnson.

For Defendants: B W. Grim.

## SUPERIOR COURT

George S. Bell
vs.                    } No.50085
Alexander Weiner et al

RESCRIPT

October 24, 1924.

BLODGETT, J.    Heard upon motion for new trial after verdict for plaintiff for $9000.

The damages in this case arose by reason of the alleged running down of plaintiff by the automobile of defendant April 3, 1921, at the Lakewood crossing on Warwick avenue, about 5:30 p. m.

At the point of the accident plaintiff was pushing a motorcycle out of Atlantic avenue into Warwick avenue, and claimed he had reached the right hand side of Warwick avenue when he was struck by the automobile of defendant.

Defendant claimed that he was driving his car toward Providence and waited on the south side of the intersection of Warwick and Atlantic avenues until he received a signal from a traffic officer stationed in that location to proceed, and that thereupon he started across the rails and did not see plaintiff until plaintiff suddenly appeared directly in front of his left mudguard.

The evidence as to liability in this case is hopelessly conflicting.

John H. Bartlett, the traffic officer, testified:

"There was a car coming from the south going towards Providence, going north. At the Lakewood depot I

John F. O'Rourke, Joseph J. Nugent, stopped the traffic going north and south to let the electric car proceed over the crossing. After it went over the crossing and everything was clear I motioned for them to proceed.

"When the machine stopped upon the crossing I looked around, like that, and someone said there was an accident.

"I walked down there and saw this machine about eight feet, I should judge, south of the pole, and I asked him to pull over to the side about nine or ten feet to the other side on the north side, so I could get his registration and his license."

Further, that when defendant moved his car north of the pole, he (defendant) had to use both hands to release the emergency brake.

Further, that he was facing Providence until the electric car crossed and then he turned right and motioned for the traffic to go north.

Further, that he did not see the plaintiff; that he was standing in the centre of the street and his back was toward the plaintiff.

This witness did not see the accident, but did see plaintiff walking across Warwick avenue after the accident, and walking without assistance, although two witnesses for plaintiff claimed to have assisted plaintiff across the street.

It is impossible to reconcile statements made by witnesses for plaintiff with the testimony of the traffic officer and that of defendant and other witnesses in the cars of defendant, and the Court is inclined to believe the testimony of the traffic officer, who appeared to be a disinterested witness. Strangely enough, he failed to see the accident. In some way plaintiff did get in the path of the automobile of the defendant and apparently plaintiff was on the right side of the road. The question is: had he reached the right side and was he standing there, an easily visible object which defendant could have by

due care seen and avoided, or did he proceed across the highway and blunder into the left mudguard of the car of defendant?

The testimony of certain witnesses for plaintiff does not at all agree with certain physical facts testified to by the traffic officer, and such officer testified he did not see them there. The jury evidently did believe their story of the accident and the traffic officer did not see the plaintiff struck. There was testimony on which the verdict could be based whether the court could reach the same conclusion or not, and the matter of the weight of the evidence was left to the jury. The court cannot say the preponderance of the evidence was utterly disregarded by the jury.

As to the amount of the verdict. The amount is large—$9000. The accident deprived plaintiff from pursuing his business, that of a fisherman. Unless it appears from the evidence that the jury utterly disregarded certain visible evidence as to the plaintiff's condition at time of trial, the court does not feel justified in interfering with the amount of the verdict. Before the accident the plaintiff was a well-preserved man for his time of life. After the accident he lost the free use of one leg. The injury is permanent.

Motion denied.

For Plaintiff: William H. McSoley and George J. West.

For Defendant: Huddy, Emerson & Moulton.